ORIGINAL

ENTERED
CLERK, U.S. DISTRICT COURT

MAR 25 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 3 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

X  Priority
X  Send
X  Clsd
X  Enter
___  JS-5/JS-6
___  JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLA ELWOOD, et al.,<br><br>              Plaintiffs,<br><br>      v.<br><br>ROBERT DRESCHER, et al.,<br><br>              Defendants. | CV 02-4656 LGB (FMOx)<br><br>ORDER GRANTING:<br>THE STATE DEFENDANTS'<br>MOTION FOR ATTORNEY'S<br>FEES; HUTCHINSON'S MOTION<br>FOR ATTORNEY'S FEES;<br>DRESCHER'S MOTION FOR<br>ATTORNEY'S FEES. |

I.    INTRODUCTION

     The Court is in receipt of the following three motions:

1) defendant Judy Hutchinson's ("Hutchinson") motion for

attorneys' fees pursuant to 42 U.S.C. § 1988(b); 2) defendants

Robert W. Zakon's ("Zakon"), Valerie Skeba's ("Skeba"), John P.

Farrell's ("Farrell"), Haig Kehiayan's ("Kehiayan"), William

MacLaughlin's ("MacLaughlin") and the California Department of

Justice's (the "Department")[1] motion for attorneys' fees pursuant to 42 U.S.C. §1988(b); and **3)** Robert E. Drescher's motion for attorney's fees pursuant to 42 U.S.C. § 1988(b).  The motions have been fully briefed.  On January 16, 2003, the Court declined to rule on the motions pending resolution of Plaintiffs' appeal to the Ninth Circuit.  On January 2, 2004, the Ninth Circuit affirmed the district court's judgment.  Defendant Hutchinson filed a renewal of her motion for attorneys' fees on January 21, 2004.  Drescher filed a renewal of his motion on January 23, 2004.[2]

    Pursuant to Federal Rule of Civil Procedure 78, Local Rule 7-15 and as set forth below, the Court finds that all three motions are suitable for decision without a hearing.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiffs Darla Elwood, Terri Elwood, Edward Elwood, Anthony Delaplane, and Amy Meinke (collectively "Plaintiffs") filed this action on June 13, 2002 against fourteen defendants. The suit follows a number of state court proceedings in which D. Elwood's children were removed from her custody.  The Plaintiffs

---

[1] Zakon, Skeba, Farrell, Kehiayan, MacLaughlin and the Department are collectively referred to as the "State Defendants."

[2] The State Defendants have not filed a notice of renewal.  The Court's minute order of January 16, 2003 stated that the Court declined to rule on the motions for attorneys' fees until the Ninth Circuit had adjudicated the appeal.  Since the Court is aware that the Ninth Circuit has adjudicated the appeal, the Court will consider their motion without a notice of renewal.

1  in this case were each previously parties to at least one of the
2  state court suits.
3      On July 31, 2002, the Court *sua sponte* ordered Plaintiffs to
4  show cause why sanctions should not be issued under Rule
5  11(c)(1)(B) and Rule 11(b).  <u>Docket Entry No. 22</u>.  The Court's
6  OSC stated that the legal contentions appeared to be frivolous
7  and without legal merit.  The Court noted that Plaintiffs'
8  attorney (Ms. Barry) apparently did not conduct any legal
9  research in the case.  Notably, the complaint did not address the
10 Eleventh Amendment, the <u>Younger</u> abstention doctrine, nor the
11 <u>Rooker-Feldman</u> doctrine despite bringing the suit against
12 numerous judicial officers and the State.  Ms. Barry responded in
13 writing to the OSC and appeared in Court on September 9, 2002.
14 Mindful of the potential chilling effect on civil rights
15 plaintiffs, the Court discharged its order on September 11, 2002.
16 <u>Docket Entry No. 53</u>.  The Court reminded Barry of her obligation
17 to the Court to only present arguments and pleadings that go to
18 the merits of her clients' case.
19     The State Defendants, Hutchinson, and Drescher all filed
20 motions to dismiss Plaintiffs' complaint.  On September 12, 2002,
21 the Court issued an order granting the motions and dismissed the
22 complaint.  Following trial, the prevailing defendants filed
23 motions for attorneys' fees.  The Court declined to rule on them
24 on January 16, 2003, pending Plaintiffs' appeal to the Ninth
25 Circuit.  On January 2, 2004, the Ninth Circuit affirmed the
26 Court's order.

3

III.   **APPLICABLE LEGAL STANDARD**

42 U.S.C. § 1988(b) provides in part that:

[i]n any action or proceedings to enforce a provision of sections 1981, 1981(a), 1982, 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...
42 U.S.C. § 1988(b).

Attorney's fees in a civil rights case should only be awarded to a defendant in exceptional circumstances.  <u>Saman v. Robbins</u>, 173 F.3d 1150, 1157 (9th Cir. 1999).  A prevailing civil rights defendant should be awarded attorney's fees "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious."  <u>Patton v. County of Kings</u>, 857 F.2d 1379, 1381 (9th Cir. 1988) *quoting* <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978).  This standard does not require subjective bad faith.  <u>Saman</u>, 173 F.3d at 1157.  Although prevailing defendants face a high hurdle in seeking attorney's fees, it is not insurmountable.  <u>Id.</u> at 1158.

IV.   **ANALYSIS**

All three motions for attorneys' fees assert that the complaint was frivolous, meritless, and brought for the sole purpose to vex and harass the defendants.  The defendants argue that the complaint was without any legal foundation.  In opposition to all of the motions, Plaintiffs maintain that the Court cannot award attorneys' fees to the prevailing defendants in this civil rights case because the Court has already decided

4

1 not to issue Rule 11 sanctions and the standards are virtually

2 the same.

3    **A.   Standards for imposing Rule 11 sanctions and attorneys'
          fees**

4    Plaintiffs argue that the Court decided not to award

5 sanctions per Rule 11 after *sua sponte* issuing an OSC threatening

6 to impose such sanctions.  Plaintiffs contend that the standards

7 for Rule 11 sanctions are virtually identical to the standards

8 applied to motions for attorney's fees brought by prevailing

9 defendants in civil rights actions.

10    As an initial matter, the Court notes that Rule 11 sanctions

11 and attorneys' fees under section 1988 serve two different

12 purposes.  The central purpose of Rule 11 is to deter baseless

13 filings and thereby streamline the administration and procedure

14 of the federal courts.  <u>Cooter & Gell v. Hartmarx Corp</u>, 496 U.S.

15 384, 393 (1990).  Awarding attorneys' fees to prevailing

16 defendants protects them from burdensome litigation with no legal

17 or factual basis.  <u>Christiansburg Garment Co.</u>, 434 U.S. at 419-

18 421.

19

20    In order to award attorneys' fees to a prevailing civil

21 rights defendant, the Court must find that the action is

22 unreasonable, frivolous, meritless or vexatious.  <u>Id.</u>; <u>Patton</u>,

23 857 F.2d 1379.  A defendant can meet this burden by establishing

24 that the claims are groundless or without foundation.

25 <u>Christiansburg Garment Co.</u>, 434 U.S. at 421 ("the term

26 "meritless" is to be understood as meaning groundless or without

27 foundation.");  <u>Saman</u>, 173 F.3d at 1158 (finding that district

28

1 | court abused its discretion in not awarding attorneys' fees after

2 | finding claims were groundless against prevailing defendant).

3 | By contrast, Rule 11 prohibits lawyers from filing papers

4 | with the court that are presented for an improper purpose or not

5 | "warranted by existing law or by a nonfrivolous argument for the

6 | extension, modification, or reversal of existing law." F.R.C.P.

7 | 11(b)(1)-(2). A frivolous filing is both baseless and made

8 | without reasonable and competent inquiry. Larez v. Holcomb, 16

9 | F.3d 1513, 1522 (9th Cir. 1994). Rule 11 must be read in light of

10 | concerns that it will chill vigorous advocacy. Id.

11 | The standard for Rule 11(b)(2) sanctions is applied with

12 | particular stringency where the court sua sponte threatens or

13 | imposes sanctions. United Nat'l Ins. Co. v. R&D Latex Corp., 242

14 | F.3d 1102, 1115 (9th Cir. 2001). In that situation, there is no

15 | safe harbor provision in the rule allowing lawyers to correct or

16 | withdraw their challenged findings. Id. (citing to F.R.C.P.

17 | 11(c)(1)(A)). "In light of this important distinction, sua sponte

18 | sanctions will ordinarily be imposed only in situations that are

19 | akin to a contempt of court." Id.

20 | In this case, the Court sua sponte threatened sanctions.

21 | Therefore, the Court could not have imposed sanctions unless the

22 | filings were tantamount to a contempt of court. Id. In

23 | addition, the Court was required to consider whether the

24 | sanctions would chill vigorous advocacy and the potential

25 | chilling effects on civil rights plaintiffs. Larez, 16 F.3d at

26 | 1522; Woodrum v. Woodward County, 866 F.2d 1121, 1127 (9th Cir.

27 | 1989). The Court finds that this is a different standard than a

1  finding that the suit is unreasonable, frivolous, meritless or
2  vexatious as required for an award of attorneys' fees under
3  section 1988 to a prevailing defendant.  As such, the Court's
4  previous discharge of its threat to impose sanctions does not
5  preclude the Court from awarding attorneys' fees under section
6  1988 if appropriate.[3]
7      **B.  The State Defendants' motion for attorneys' fees:**
8      Plaintiffs' claims against the State Defendants essentially
9  alleged deprivation and conspiracy to deprive Plaintiffs of due
10 process and equal protection under the Fourteenth Amendment and
11 violation of the Plaintiffs' First Amendment rights to petition
12 the government and to free speech.  Five of the state defendants
13 are judicial officers of the State of California.  Robert Zakon
14 is a commissioner; Valerie Skeba is a juvenile court referee;
15 Judge John Farrell is a superior court judge; Judge Haig Kehiayan
16 is a superior court judge; Judge William MacLaughlin is the
17 presiding judge of superior court in San Fernando Valley.  The
18 California Department of Justice is a department within the State
19 of California.
20
21     The Court dismissed Plaintiffs' claims against Zakon, Skeba,
22 Farrell, Kehiayan and MacLaughlin relying on the <u>Younger</u>
23 Abstention Doctrine and the <u>Rooker-Feldman</u> Doctrine.  Plaintiffs
24 were asking the Court to interfere in on-going California State
25 Court actions or to enjoin the enforcement of adverse rulings.
26
27     [3] In addition, *sua sponte* sanctions cannot include an award of attorneys' fees to the
28 opposing party. <u>Barber v. Miller</u>, 146 F.3d 707, 711 (9th Cir. 1998); William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, ¶ 17:112.17. Therefore, the Court could not have previously considered whether an award of attorneys' fees was appropriate.

1   In addition, the Court found that Plaintiffs' allegations
2   did not pierce Judge MacLaughlin's judicial immunity under
3   Plaintiff's first claim against him.[4]  The Court noted that
4   Plaintiffs had not alleged that Judge MacLaughlin was acting in
5   clear absence of all judicial authority or that he performed an
6   act that was not judicial in nature.  Plaintiffs' allegations
7   supported only that Judge MacLaughlin had exercised his judicial
8   discretion.
9       The Court also found that the allegations did not support
10  Plaintiffs' third claim against Farrell.[5]  In so doing, the Court
11  stated that "[t]he only allegations are that Judge Farrell issued
12  rulings that Plaintiffs did not like."  Order, Docket No. 55, at
13  28:11-13.  As to the California Department of Justice, the Court
14  found that it lacked subject matter jurisdiction because the
15  Department of Justice was immune from suit under the Eleventh
16  Amendment.
17      The State Defendants move for attorneys' fees on the basis
18  that the complaint was frivolous, meritless, and brought for the
19  sole purpose to vex and harass the defendants.  They support
20  their assertion with the following facts.  The Court issued its
21  July 31, 2002 minute order warning Plaintiffs' counsel that the
22  complaint appeared to be frivolous, in part because Plaintiffs

[4] Plaintiffs' claim alleged that Judge MacLaughlin "secretly" met with Commissioner Zakon and the County's child support enforcement attorney, Hutchinson, and determined that Zakon (rather than MacLaughlin) would hear D. Elwood's case.  Plaintiffs claimed that the ruling constituted a denial of procedural due process.

[5] Plaintiffs' third claim was against Drescher and Farrell.  It alleged that the defendants denied certain Plaintiffs their due process rights and violated their rights to free speech and to petition the government under the First Amendment.

8

1 had failed to address the Eleventh Amendment, <u>Younger</u> abstention,

2 and the <u>Rooker-Feldman</u> doctrine.  Despite the warning, Plaintiffs

3 proceeded to file two different declaratory judgment motions

4 against two different judicial officers asking the Court to find

5 various state court rulings void.  At no time throughout the

6 litigation did Plaintiffs address how their claims (or

7 declaratory judgment motions) overcame the bar of judicial

8 immunity, the Eleventh Amendment, the <u>Rooker-Feldman</u> doctrine, or

9 <u>Younger</u> abstention.  Plaintiffs failed to present a viable legal

10 argument and the claims were brought without legal foundation.

11 Plaintiffs made incorrect legal assertions which were later

12 redacted.  In summary, the State Defendants argue that Plaintiffs

13 "filed this action without any regard to the legal authority in

14 support of their claims."  <u>Motion</u>, at 5:21-23.

15

16 In asserting its claims against the judicial officers and

17 the State, Plaintiffs relied on conclusory allegations.  Their

18 allegations were insufficient to support the claims against the

19 State Defendants.  Further, Plaintiffs' opposition to the motion

20 for attorneys' fees continues to argue that <u>Younger</u> and <u>Rooker-

21 Feldman</u> doctrines do not apply to this case.  Plaintiffs' counsel

22 states that she "searched for secondary sources on suing judges"

23 at the Los Angeles County Law Library and did not find a single

24 book.  Counsel should begin her legal research with primary,

25 rather than secondary, sources.  There are numerous cases which

26 exist regarding judicial immunity, state sovereign immunity,

27 <u>Younger</u> abstention, and the <u>Rooker-Feldman</u> doctrine.  Plaintiffs'

28 failure to address any of these issues demonstrates a dearth of

1  legal research and analysis.  Had Plaintiffs "made a reasonable
2  inquiry into the applicable facts and law before filing their
3  case they would have discovered the insufficiency of their civil
4  rights claim."  <u>Margolis v. Ryan</u>, 140 F.3d 850, 854 (9th Cir.
5  1998).  The Ninth Circuit has found it appropriate to award
6  attorneys' fees when the relief sought by Plaintiff is barred by
7  immunity.  <u>See</u> <u>Fraceschi v. Schwartz</u>, 57 F.3d 828, 832 (9th Cir.
8  1995).
9
10      The Court finds that Plaintiffs' claims against the State
11  Defendants were meritless in that they were groundless and
12  without foundation.  As such, an award of attorneys' fees to the
13  prevailing State Defendants is appropriate.
14      In calculating attorneys' fees, the Court must determine 1)
15  the number of hours the prevailing party reasonably expended; 2)
16  determine the reasonable hourly rate; 3) multiply the number of
17  hours by the hourly rate to determine a "lodestar;" and 4) apply
18  a multiplier where appropriate.  <u>Morales v. City of San Rafael</u>,
19  96 F.3d 359, 363-65, n. 8-12 (9th Cir. 1996).  Counsel for the
20  State Defendants expended 152.5 hours on the matter at $120 per
21  hour for the work performed.  The Court finds both the hours and
22  the amount to be reasonable.  Multiplying the two numbers creates
23  a lodestar of $18,300.  The Court finds this to be a  reasonable
24  amount of attorneys' fees.  Therefore, the Court awards the State
25  Defendants $18,300 in attorneys' fees.
26  //
27  //
28

**C.  Hutchinson's motion for attorneys' fees:**

Hutchinson argues that she is entitled to attorneys' fees because Plaintiffs' action "was frivolous and brought to harass and vex the County's child support enforcement attorney...." Hutchinson's Motion at 6:5-7.  Plaintiffs sued Hutchinson, a child support attorney for the County of Los Angeles, in her individual capacity. Plaintiffs alleged one Section 1983 claim against Hutchinson for the violation of Darla Elwood's Fourteenth Amendment due process and equal protection rights and her First Amendment rights to free speech and to petition the government.

Plaintiffs alleged that Hutchinson failed to return phone calls by Barry (Plaintiffs' counsel), and 2) that she conspired with Commissioner Zakon and Judge MacLaughlin.  In dismissing the action, the Court found that Plaintiffs failed to allege that Hutchinson deprived Elwood of a constitutionally protected interest without process.  Plaintiffs' conclusory allegations were insufficient to support their claims against Hutchinson, and Plaintiffs completely failed to satisfy the legal requirements for pleading their claims against Hutchinson.  Order, at 21-24 (e.g. Plaintiffs failed to allege an unconstitutional abridgement of Elwood's right to free speech as required to make out a claim under the First Amendment. Bond v. Floyd, 385 U.S. 116 (1966)).

In support of her motion for attorney's fees, Hutchinson states that the complaint was without any legal foundation. "Plaintiffs absolutely failed to represent any viable legal argument to support the alleged violations of civil rights set forth in the one hundred and eighty-three paragraphs in the

1  complaint."  <u>Motion</u>, at 4:14-16.  Hutchinson cites to the Court's

2  July 31, 2002 Minute Order (the "July Minute Order"), ordering

3  Plaintiffs' counsel to show cause as to why Rule 11 sanctions

4  should not be imposed.  <u>Id.</u> at 4:2-5.  Specifically, Hutchinson

5  cites to the part of the July Minute Order in which the Court

6  states that it appears that the suit was brought in order to

7  harass and vex the judicial and state officers who have decided

8  matters adversely to plaintiffs.  <u>Id.</u> at 4:9-13, <u>Docket Entry No.</u>

9  <u>22</u>.

10       The Court agrees that the claims against Hutchinson were

11 groundless and without foundation.  The facts provided by

12 Plaintiffs fell far short of supporting their claims against

13 Hutchinson.  In addition, Plaintiffs provided no legal authority

14 which supported their claims against Hutchinson.  <u>See</u> <u>Patton</u>, 857

15 F.2d at 1381.  The Ninth Circuit has upheld an award of

16 attorney's fees in cases in which there is no evidence to support

17 the plaintiff's claims.  <u>See</u> <u>Evers v. County of Custer</u>, 745 F.2d

18 1196 (9th Cir. 1984) (upholding attorney's fees award for

19 prevailing defendant in section 1983 action).  The Court finds

20 that in this case the lack of evidence and legal authority

21 support a finding that the case was unreasonable, frivolous, and

22 meritless.  Therefore, the Court grants Hutchinson's motion for

23 attorneys' fees.

24       Hutchinson's attorneys are from the Law Offices of Torres

25 and Brenner.  The law offices billed its client, the County of

26 Los Angeles, $109 per hour.  They spent 37 hours on the case.

27 <u>Dec. Brenner</u>.  The Court finds that the rate and the hours are

28

1  reasonable.  When the two figures are multiplied, the lodestar

2  amount is $4,033.00.  The Court finds that this is a reasonable

3  fee award and hereby awards $4,033.00 in attorneys' fees to

4  Hutchinson's counsel.

5      **D.  Drescher's motion for attorneys' fees**

6      Plaintiffs brought a claim against Drescher for denial of

7  due process under the Fourteenth Amendment and violation of the

8  Plaintiffs' First Amendment rights to petition the government and

9  to free speech.  Drescher is an attorney for D. Elwood's former

10  companion who is the father of two of her children.  The Court

11  dismissed Plaintiffs' claims against Drescher because they lacked

12  evidentiary and legal support. In summary the Court noted, "The

13  only allegations are that Judge Farrell issued rulings that

14  Plaintiffs did not like."  Id.

15   

16      Drescher's motion for attorney's fees closely resembles the

17  motions of the State Defendants and Hutchinson. Drescher states

18  that attorney's fees are warranted because the complaint was

19  frivolous, meritless, and brought for the sole purpose to vex and

20  harass him.  He states that the complaint was without any legal

21  foundation.  He also cites to the Court's minute order of July

22  31, 2002 threatening sanctions.

23      Plaintiffs oppose the motion because Drescher represented

24  himself.  Plaintiffs rely upon Kay v. Ehrler, 499 U.S. 432

25  (1991).  In Kay, the Supreme Court held that a prevailing pro se

26  plaintiff who is also an attorney cannot receive attorney's fees

27  in a civil rights action.  Id.  The Court's analysis centered

28  around the policy reasons for providing attorney's fees to a

1   prevailing plaintiff - i.e. an interest in obtaining independent
2   counsel for victims of civil rights violations.  <u>Id.</u>, 499 U.S. at
3   437; 111 S. Ct. at 1437-38.  The Court found that "Congress was
4   interested in ensuring the effective prosecution of meritorious
5   claims."  <u>Id.</u>

6       These same policy considerations do not exist when the pro
7   per attorney litigant is a prevailing defendant rather than a
8   prevailing plaintiff.  Ensuring that a defendant-attorney obtains
9   counsel does help to filter meritless claims nor ensure vigorous
10  prosecution of meritorious ones.  In contrast, awarding
11  attorneys' fees to prevailing defendants protects them from
12  burdensome litigation with no legal or factual basis.
13  <u>Christiansburg Garment Co.</u>, 434 U.S. at 419-421.  This is true
14  regardless of whether the defendant-attorney appears pro per or
15  hires independent counsel.  Therefore, the Court does not find
16  that <u>Kay</u> bars an award of attorney's fees in this case.
17

18      The Court finds that Plaintiffs' complaint was groundless
19  and without foundation.  For the reasons set forth above, the
20  Court finds that the complaint is unreasonable, frivolous, and
21  meritless.

22      Drescher's ordinary billing rate is $250 per hour.  He has
23  expended 31.5 hours on the matter.  The Court finds that both the
24  hours and the rate are reasonable.  Multiplied together, the
25  figures create a lodestar of $7,875.00.  The Court finds that
26  this is a reasonable amount and awards attorney's fees to
27  Drescher in that amount.
28  //

### E. Ability to pay

In awarding attorneys' fees to prevailing defendants, a court must consider a plaintiff's ability to pay when setting the fee award.  <u>Patton</u>, 857 F.2d at 1382.  However, a district court should not refuse to award attorneys' fees solely on the ground of the plaintiff's financial situation.  <u>Id.</u>  In this case, Plaintiffs have presented no evidence that they are indigent or unable to pay attorneys' fees.  Therefore, the Court finds that Plaintiffs have the financial means to pay the fee awards.

## V. CONCLUSION

Because the Court finds that the Plaintiffs' complaint was frivolous, unreasonable and meritless, the Court hereby:

* **Grants** the State Defendants' motion for attorneys' fees, and awards **$18,300** in fees;

* **Grants** Hutchinson's motion for attorneys' fees, and awards **$4,033.00** in fees;

* **Grants** Drescher's motion and awards **$7,875** in attorney's fees.

IT IS SO ORDERED.

Dated: *March 22, 2004*

LOURDES G. BAIRD
United States District Judge

15